447 So.2d 101 (1984)
Barry BAKER, d/b/a Anthony Baker and Company
v.
Lionel R. INGRAM, Jr.
No. CA 1231.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
Henry W. Kinney, III, New Orleans, for Barry Baker plaintiff-appellee.
Wayne H. Scheuermann, Graffagnino, Perez & Roberts, Metairie, for Lionel R. Ingram defendant-appellant.
Before REDMANN, GARRISON and WARD, JJ.
WARD, Judge.
This is an appeal by Lionel R. Ingram, Jr. from a summary judgment in favor of plaintiff, Barry Baker, d/b/a Anthony Baker and Company. We reverse and remand for trial on the merits.
Baker's claim is for $6,364.43 for repair work he and his employees performed on Ingram's vessel, the "Aloha", during September and October of 1982. The labor and materials were furnished pursuant to an oral promise by Ingram to pay an hourly rate for labor and the costs of materials. Ingram admits the contract but he contends he advised Baker that he would not pay more than $2,500[1] for the repairs, and that Baker agreed to this as a maximum cost of repair.
After the repairs were completed, Baker mailed invoices to Ingram and otherwise sought to collect the $6,364.43 which he alleges is due. He refused to accept Ingram's offer to pay $2,500 in full satisfaction of the debt.
After amicable demands failed, Baker filed suit in Civil District Court for Orleans Parish. Ingram answered alleging that the *102 work was to be done for a price not to exceed $2,000 [sic]. After the answer, Baker filed interrogatories and moved to set the matter for trial, shortly followed by a motion for summary judgment. The motion was supported by an affidavit of Barry Baker essentially repeating the allegations of the petition, with its accompanying statements and invoices.
A few days after the motion was filed and two weeks before the hearing, Ingram filed answers to the interrogatories in which he again claimed that Baker agreed the price would not exceed $2500.
Counsel for Ingram did not respond to the motion for summary judgment by filing written opposition, nor did he timely produce opposing affidavits. Ingram's attorney did not appear at the hearing, but a member of his firm did and he presented an affidavit of Ingram, (whether or not it was signed is disputed) in which Ingram says cost of repairs were not to exceed $2,500.
After the hearing, summary judgment was rendered in favor of Baker. Ingram shortly thereafter moved for a new trial. After a hearing on that motion, and twenty days after judgment was rendered, another member of the firm filed Ingram's signed affidavit in the record. Present counsel for Ingram acknowledges that no opposition was filed to the motion for summary judgment, however, he contends summary judgment was improper because Ingram's answers to the interrogatories show genuine issues of material fact. Counsel for Baker contends that because Ingram failed to oppose the motion by filing affidavits or otherwise, the motion was properly granted.
This appeal first presents the question of whether summary judgment may be rendered without consideration of the merits of the motion when counsel for defendant does not even bother to file an opposition, a memorandum, or affidavits opposing the motion, but merely appears at the hearing to oppose it.
We hold that it may not. We believe that even in the absence of a formal opposition, the moving party must show that it is entitled to a summary judgment. Any doubt must be resolved against the granting of a summary judgment and in favor of trial on the merits to resolve disputed facts. Employers' Surplus Line Insurance Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978). Hence, even where there is no formal opposition to the motion, we believe a mover must show he is entitled to summary judgment.
This leads to our consideration of the merits of Baker's motion for a summary judgment and whether he has shown he is entitled to it. For the following reasons, we believe the motion for summary judgment should have been denied.
It is well settled that a summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.Civ.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
After Baker submitted interrogatories, Ingram filed answers under oath, which were made part of the record. These answers must be considered in deciding whether there is a genuine issue of fact before summary judgment may be rendered. LSA-C.C.P. art. 966 provides:
Motion for summary judgment; procedure
* * * * * *
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
* * * * * *
*103 When Ingram answered under oath that Baker agreed to a maximum cost of $2,500, a genuine issue of fact was presented, at least as to the amount in excess of $2,500.
Admittedly, LSA-C.C.P. art. 967 seems to imply that some response, at least a written opposition, must be made to defeat a motion for a summary judgment.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

* * * * * *
Nonetheless, we believe art. 967 must be read in conjunction with art. 966, and when considering both, we hold summary judgment may not be rendered, even when a party does not respond to the motion, if the answers to interrogatories show a genuine issue of fact.
Our opinion is supported by Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). In that case, while discussing summary judgments, the Supreme Court said:
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
In this case, while Baker did not include the answers to the interrogatories in support of his motion, Ingram's answers were in the record, and they must be considered in resolving the question of whether there is a genuine issue of material fact.
Reversed. All costs of summary judgment proceedings and this appeal are to be paid by plaintiff-appellee, Barry Baker.
REVERSED.
NOTES
[1] Ingram's answer claims an agreed cap of $2,000 on the price of the repairs. Interrogatory responses and an affidavit say it was $2,500.