463 So.2d 697 (1985)
W.B. SELLERS
v.
Roger SELIGMAN et al.
Nos. CA-2821, CA-2822.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Writ Denied March 15, 1985.
*699 John Poitevent, Robert B. Acomb, III, Poitevent & Acomb, New Orleans, for third-party defendant-appellant Utica Mut. Ins. Co.
Sondra A. Cheek, Bogalusa, for defendants-appellants Roger Seligman, Alain Seligman, Charles Spencer Smith, Harvey Gaines, Earl Cunningham, and Estate of Charles B. Altmann.
Frank J. Peragine, Michael R. Daigle, Simon, Peragine, Smith & Redfearn, New Orleans, for third-party defendant-appellee American Optical Corp.
Craig R. Nelson, Christina P. Fay, Hulse, Nelson & Wanek, New Orleans, for defendant-appellee Clemco Industries.
Gary M. Zwain, Johnston & Duplass, New Orleans, for defendant-appellee Pulmosan Safety Equipment Corp.
James L. Selman, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee Mine Safety Appliances Co.
Before KLEES, CIACCIO and WARD, JJ.
KLEES, Judge.
Plaintiff Sellers brought suit in the Orleans Parish Civil District Court against six executive officers of Southern Shipbuilding Corporation after he contracted silicosis while working as a painter and sandblaster for Southern.[1] He let this suit lay dormant while pursuing a diversity action in federal court against various manufacturers of masks and other items of protective clothing he wore while sandblasting. These manufacturers impleaded the six executive officers of Southern. After a jury trial, the federal district court held that the manufacturers were not liable for plaintiff's injuries. Plaintiff then reactivated his state court suit against Southern's executive officers and insurers. In this suit, the executive officers have impleaded the same manufacturers who were defendants in the federal action, seeking indemnity and/or contribution from them.
After they were made third party defendants, the manufacturers filed an exception of res judicata, claiming that the issue of their liability had already been litigated in the federal court action, which was affirmed on appeal. The district court, on its own motion, noticed the exception of res judicata to be an exception of no right of action. The court then granted the exception, reasoning that because an action for contribution is based upon subrogation, the executive officers could have no greater rights than their subrogor, the plaintiff. Because a suit by plaintiff against the manufacturers would be barred by res judicata, the court held that the executive officers had no right of action against the manufacturers. This ruling is now before us on appeal.
Additionally, the court below granted summary judgment to the executive officers as against Utica Mutual Insurance Company, one of Southern's insurers. The court held that the insurer could not deny coverage based upon a so-called "pollution exclusion" in its insurance policy, and Utica Mutual has appealed.
We affirm the judgment of the trial court sustaining the exception of no right of action, but reverse the granting of summary judgment, for the following reasons.

NO RIGHT OF ACTION
The trial judge was correct in sustaining the exception of no right of action, and dismissing the executive officers' third party demand against the manufacturers. *700 According to Louisiana Code of Civil Procedure Article 1111, the defendant in the principal action may bring in any person, including a codefendant, "who is his warrantor, or who is or may be liable to him for all or part of the principal demand." As there is no contract of warranty in the instant case, the executive officers, in order to state a cause of action against the manufacturers, must allege that the manufacturers are liable to them for all or part of the principal demand. That is, they must allege that the manufacturers owe them either indemnity or contribution. In this case, the executive officers have demanded both indemnity and contribution, in the alternative.
Indemnity, whether contractual or tortious, is derived from Louisiana Civil Code article 2106, which states:
If the affair for which the debt has been contracted in solido, concern only one of the co-obligors in solido, that one is liable for the whole debt towards the other codebtors, who, with regard to him, are considered only as his securities.
Because the executive officers have not alleged that any contract exists between them and the manufacturers which would effect indemnity, we must presume that they are seeking tort indemnity. Under tort circumstances, the question of whether the affair "concerns" only one of the solidary codebtors in the sense of article 2106 is the same as the question of whether one's negligence was actual and the other's only constructive, in which case tort indemnity is owed by the one to the other. Truxillo v. Gentilly Medical Building, Inc., 225 So.2d 488, 495 (La.App. 4th Cir.1969), citing Appalachian Corp. v. Brooklyn Cooperage, Co., 151 La. 41, 91 So. 539 (1922). In other words, in order to support a claim for tort indemnity, it must be said that the one's negligence caused some injury to the other for which the other is only liable on theoretical grounds. Truxillo, supra, at 496. Therefore, under Louisiana law, a party who is actually negligent or actually at fault cannot recover tort indemnity. Appalachian Corp. supra, Dupree v. Pechinay Saint Gobain Co., 369 So.2d 1075, 1081 (La.App. 1st Cir.1979); writ den. 371 So.2d 1341 (La.1979); Joiner v. Diamond M. Drilling Co., 688 F.2d 256, 261 (5th Cir. 1982).
In the instant case, a federal court has already held that the manufacturers were not guilty of any negligence that contributed to the plaintiff's injury. In addition, the federal jury found on interrogatories that the executive officers were at fault, but this finding was not made a part of the judgment because the officers were only in the federal suit as third party defendants. Even ignoring the jury's finding with respect to the officers' negligence, the federal court judgment exonerating the manufacturers would be res judicata with regard to the issue of the manufacturers' negligence. And, since the manufacturers must have been actively negligent to be held the indemnitor of the officers, we find that the officers do not have a cause of action for tort indemnity in this situation. See: Johnson v. Housing Authority of New Orleans, 163 So.2d 569, (La.App. 4th Cir.1964). Therefore, we must turn our attention to the officers' claim for contribution.
Contribution among joint tortfeasors or other solidary codebtors is based upon Louisiana Civil Code article 2103, which states, in pertinent part:
When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi-contract, an offense, or a quasi-offense, the debt shall be divided between them.... If the obligation arises from an offense or a quasioffense, it shall be divided in proportion to each debtor's fault.
The article goes on to authorize a defendant who is sued on a solidary obligation to enforce contribution by bringing in his solidary codebtor as a third party defendant.
Under Louisiana law, contribution is essentially a type of legal subrogation, as is made clear by Civil Code article 2161, which states, in pertinent part:
Subrogation takes place of right:
....

*701 (3) For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
In Quatray v. Wicker, 178 La. 289, 151 So. 208 (1933), the Louisiana Supreme stated:
[A]s there is, in law, a solidary liability among all who are condemned together for an offense or quasi offense, he who pays the totality of the solidary judgments can invoke against his associates the legal subrogation ...
Id., 151 So. at 211, quoting Larombriere, Theorie des Obligations, vol. 3, p. 366, § 67 (Emphasis by the Court). The Supreme Court concluded that the issue of contribution between joint tortfeasors was to be governed by articles 2103 and 2161 of the Civil Code, further emphasizing the relationship between contribution and subrogation. See also: Rouley v. State Farm Mutual Automobile Ins. Co., 235 F.Supp. 786 (W.D.La.1964).
Because contribution is founded upon the principle of subrogation, a joint tortfeasor seeking contribution can have no greater rights than his subrogor, the tort victim. Thus, the Louisiana courts have consistently held that a defendant tortfeasor has no right to claim contribution from a co-tortfeasor whom the plaintiff can not sue directly due to some legal impediment. Royley, supra; Johnson v. Housing Authority of New Orleans, supra; Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3rd Cir.1964). In Johnson, this court sustained an exception of no right or cause of action, holding that a landlord could not maintain a third party claim for contribution against the parents of a minor child who was injured in the landlord's building because parental immunity would prevent the child from suing his parents. The Court reasoned:
The exception was properly sustained. To allow the defendants herein to prosecute their demands for indemnification or contribution against the parents would in effect be investing a wrongdoer, as against the co-tortfeasor, with a greater right than the tort victim has. The parents may urge their immunity from suit against the demands of the its [sic] cotortfeasor as well as they could have urged it against any claim asserted by the child. Contribution is founded upon the theory of subrogation.
Johnson, supra at 570; Accord: Rouley v. State Farm, supra. Employing the same reasoning, the Third Circuit held that a tortfeasor could not maintain a claim for contribution against a co-tortfeasor whom the plaintiff was barred from suing directly by virtue of a settlement and release of that party. Harvey v. Travelers Ins. Co., supra.
The crux of these decisions is that, if the plaintiff has no right of action against a particular tortfeasor, neither can the remaining co-tortfeasor have any right of action against the first one for contribution. This principle remains valid whether the plaintiff is barred from suit due to parental immunity, as in Johnson, a compromise and release, as in Harvey, or the res judicata effect of a prior judgment, as in the instant case. For this reason, the trial judge's reliance upon Quatray v. Wicker, supra and Harvey v. Travelers Ins. Co., supra, in noticing and sustaining the exception of no right of action was proper. We therefore affirm the trial court's dismissal of the executive officer's third party demand against the manufacturers.

POLLUTION EXCLUSION
Utica Mutual, one of the liability insurers of Southern, has denied coverage of the plaintiff's claim against Southern's executive officers based on the so-called "pollution exclusion" found in its policy. The pertinent language of the policy is as follows:
III. This insurance specifically excludes any liability:
....
O. for bodily injury including death or property damage of [sic] fines or penalties arising out of discharge, dispersal, or escape of smoke vapors, soot, fumes, acids, alkalies, toxic chemicals, fuel oils or *702 other liquid gases, waste materials, or other irritants, contaminants, or pollutants into or upon land, the atmosphere or any water course, or body of water but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.
In the court below, Utica Mutual moved for summary judgment on the grounds that this language excluded coverage of the plaintiff's claim, and the executive officers filed a cross motion for summary judgment claiming that the exclusion was inapplicable. In open court, the trial judge denied the motion of Utica Mutual and granted that of the executive officers. We reverse the granting of the executive officers' motion because we find that this issue cannot properly be decided on summary judgment.
Article 966 of the Louisiana Code of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added). In this case, Utica Mutual claims that the plaintiff's inhalation of silica dust while performing his duties as a sandblaster falls within the terms of the exclusion. Conversely, the executive officers argue that the pollution exclusion, which was adopted by the insurance industry in the early 1970's in response to dramatic environmental disasters such as Torrey Canyon and the Santa Barbara oil spill, was never intended to exclude coverage for the type of foreseeable, work-related injury suffered by the plaintiff. In our view, the question of whether the instant situation falls within the language of the pollution exclusion is primarily a factual issue; i.e., did the particles plaintiff inhaled constitute "irritants, contaminants, or pollutants" which were "discharged, dispersed, or escaped" into or upon "land" or "the atmosphere" within the meaning of the policy? Since the parties obviously do not agree on this issue, we find that there are material facts in dispute which must be referred to a trial on the merits.
Under Louisiana law, when there is any doubt about the meaning of an agreement, the court must ascertain the common intention of the parties, rather than adhering to the literal sense of the terms. La.C.C. Art. 1950; Henry v. Ballard & Cordell Corp., 418 So.2d 1334, 1339 (La.1982). If this intent cannot be adequately discerned from the contract itself, the court may consider parol evidence as to the facts and circumstances surrounding the parties at the time the contract was made. Henry, supra; Paragon Resources, Inc. v. National Fuel Gas Distribution Corp., 695 F.2d 991, 998-999 (5th Cir.1983). Therefore, summary judgment is generally not appropriate to show the intent of the parties to a contract, except where their intent is clear from the contract itself. Sally Beauty Co., v. Barney, 442 So.2d 820, 822 (La.App. 4th Cir.1983). Finally, any doubt as to whether there are material facts in dispute is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Employers Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561, 565 (La.1978); Baker v. Ingram, 447 So.2d 101, 102 (La. App. 4th Cir.1984).
In the instant situation, the trial judge erred in granting summary judgment on the issue of the applicability of the pollution exclusion to the facts of this case. We find that the contract is ambiguous and that the intention of the parties constitutes a genuine issue of material fact which must be decided at a full trial on the merits. For these reasons, we reverse the summary judgment granted to the executive officers of Southern and remand for trial on the merits.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Plaintiff, W.B. Sellers, died after the institution of this suit, which is now being maintained by his heirs.