480 So.2d 373 (1985)
Little J. THOMPSON, et ux., Plaintiffs-Appellees,
v.
CANE GARDEN APARTMENTS, Defendant, Third Party Plaintiff-Appellant.
No. 84-964.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Thomas, Dunahoe & Gregory, A.J. Gregory, Jr., Natchitoches, for plaintiff-appellee.
Brittain & Williams, Joe Payne Williams, Natchitoches, for Cane Garden Apartments.
Gist, Methvin, Hughes & Munsterman, Dewitt T. Methvin, Jr., Alexandria, for third party defendants.
Before FORET, YELVERTON and KING, JJ.
*374 YELVERTON, Judge.
Plaintiffs, Little J. Thompson and his wife, sued Cane Garden Apartments for damages for personal injuries, allegedly caused when the defendant breached a lease agreement by failing to provide a safe and secure apartment as promised. As an alleged result of the claimed breach, two juvenile intruders were able to gain access to plaintiffs' apartment, and rob and injure them. Cane Garden Apartments filed a third party demand seeking indemnity from those responsible for the crime. Two of the third party defendants, Darrell Mayes, Sr. (the father of one of the juveniles), and his insurer, State Farm Fire and Casualty Company, filed exceptions of prescription and res judicata. From a judgment sustaining the exception of prescription and dismissing these two third party defendants from the suit, Cane Garden Apartments has appealed. We affirm the dismissal of the third party demands as to these two defendants, but we do so for reasons other than prescription.
An understanding of the facts, and the history of this and related litigation, is essential to an understanding of the controversy now before us.
On April 1, 1981, Thompson and his wife, an elderly couple, leased an apartment in Natchitoches from Cane Garden Apartments, and moved in. On the night of July 24, 1981, two juveniles, "Bo" Mayes and another, entered the apartment and robbed the couple, physically attacking and injuring both during the robbery. The Thompsons filed suit against Cane Garden Apartments, alleging that the defendant by allowing the intrusion to occur, had violated both oral and written lease promises to provide a safe and secure apartment.
In response to this petition Cane Garden Apartments filed exceptions of no cause of action and prescription, the latter exception being based on the fact that the suit, filed September 15, 1982, was filed more than a year after the damage. A judgment granting the exception of no cause of action and dismissing the suit was appealed. We reversed that judgment, finding that the plaintiffs' petition stated a cause of action and finding, further, that the plaintiffs' action, being one in contract, had not prescribed. That decision is reported in 442 So.2d 1296 (La.App. 3rd Cir.1983). We remanded the case to the district court.
Following remand, the answer and third party demands, the subject of the present appeal, were filed. The third party demands contend that if Cane Garden Apartments is responsible to the original plaintiffs for any amount, then it is entitled to full indemnity from those who actually caused the loss. Named as third party defendants were (1) Darrell Mayes, Sr., the father of "Bo" Mayes, one of the juvenile intruders, (2) the Mayes homeowner's liability insurer, State Farm Fire and Casualty Company, and (3) John Pollard. Pollard was named a third party defendant because it was he, an adult, who masterminded the criminal attack by the juveniles on the Thompsons. [In later criminal proceedings Pollard was convicted of the crimes of being a principal to aggravated battery and a principal to simple burglary, and his convictions were affirmed by this court on appeal, State v. Pollard, 438 So.2d 1208 (La. App. 3rd Cir.1983), writ denied, 443 So.2d 1125 (La.1984).]
After these third party claims were filed, a preliminary default was entered against the third party defendant, John Pollard, by Cane Garden Apartments. The remaining third party defendants, Mayes and his insurer, filed exceptions of prescription and res judicata. The trial court overruled the exception of res judicata but sustained the exception of prescription, and dismissed the third party demand. Cane Garden Apartments appealed.
We now consider the merits of this appeal.
Cane Garden Apartments does not have a claim for indemnification against Mayes and his insurer, but not by reason of prescription. It is clear that prescription does not begin to run on a claim for indemnification until the party seeking it is, itself, cast in judgment. Smith v. Hartford *375 Acc. & Indem. Co., 399 So.2d 1193 (La.App. 3rd Cir.1981), writ denied 406 So.2d 604 (La.1981). Therefore, if defendant had a claim for indemnification against the third party defendants, that claim would not be prescribed. We hold, however, that Cane Garden Apartments does not have a claim for indemnity.
Indemnity can either be contractual or tort. Sellers v. Seligman, 463 So.2d 697 (La.App. 4th Cir.1985), writ denied 464 So.2d 1379 (La.1985). In our case, Cane Garden Apartments is seeking tort indemnity. To support a claim for tort indemnity, the party seeking indemnity whose liability results from the fault of others, must show that he is not actually at fault. The cases have referred to this imposed liability variously as technical, constructive, vicarious and derivative. See Bewley Furniture Co., Inc. v. Maryland Casualty Co., 285 So.2d 216 (La.1973). A party who is actually negligent or actually at fault cannot recover tort indemnity. Sellers, supra.
Here, plaintiffs in the main demand are seeking to hold Cane Garden Apartments responsible for their damages, on the theory that the Apartments breached the lease agreement by failing to provide proper security measures promised to insure a safe environment for its tenants. In order for the plaintiffs to prevail, they must prove that the lessor made implied or express obligations of security maintenance and that a breach thereof was a cause in fact of the tort committed by a third person intruder. We said this in our previous opinion in this case, 442 So.2d at p. 1298. Such proof would constitute actual, as opposed to merely technical, fault on the part of Cane Garden Apartments and, therefore, Cane Garden Apartments does not have an action in indemnity.
Although Cane Garden Apartments has not asked for contribution from Darrell Mayes and State Farm, we have examined the question of whether it may be entitled to contribution under its pleadings. A right of contribution could exist between these parties because they are all (under the pleadings) co-extensively liable to the Thompsons for their damages. The obligation would be solidary. See Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La. 1983). We conclude, however, that in the present case Cane Garden Apartments does not have a right of action for contribution against Darrell Mayes, Sr., and his insurer, State Farm.
To help explain our reasons for reaching this conclusion, it is necessary that we next look at what happened in still another lawsuit arising out of this procedurally complex case. We learned of that lawsuit from its mention in the briefs on this appeal. Inasmuch as the record of that lawsuit has never been a part of the record on either appeal in the present case, we ordered it sent up after learning about it. We felt justified in ordering the record sent up because the trial judge considered it in reaching his decision on the present exception of res judicata. From this record we have discovered the following facts.
On December 1, 1981, the principal plaintiffs instituted a separate suit for their damages, No. 49,975-B in the court below, against Darrell Mayes, Sr., father of "Bo" Mayes, and his homeowner's insurer, State Farm Fire and Casualty Company. Later, the plaintiffs amended their petition to add "Bo" Mayes as an additional defendant after he reached the age of majority. A default was entered against "Bo" Mayes and then, in May of 1982, the case was tried by a jury as to the defendants, Darrell Mayes, Sr., and State Farm Fire and Casualty Company, and it was tried on confirmation of default, the judge deciding, as to the defendant, "Bo" Mayes.
In that case the jury returned its verdict in favor of the plaintiffs and against the defendants, Darrell Mayes, Sr. and State Farm Fire and Casualty Company, awarding Little J. Thompson $45,000, and Iris Hyde Thompson, $25,000. After the judgment based on that verdict was signed, State Farm deposited the amount owed by it and its insured Darrell Mayes, Sr., in the registry of the court. After the judgment became final, the plaintiffs withdrew that deposit. Thus, Darrell Mayes, Sr., and *376 State Farm paid the Thompsons what they owed them, and they are now released from any further obligations to the plaintiffs.
An unreleased solidary obligor may not demand contribution from a released obligor as reimbursement for part of the amount the unreleased obligor may be required to pay. Garrett v. Safeco Ins. Co., 433 So.2d 209 (La.App. 2nd Cir.1983). This is because once a creditor has settled his claim against a particular solidary obligor, he no longer has a right of action against that obligor, and if the creditor himself has no right of action against that obligor, no other solidary obligor has a right of action against him, because contribution is founded upon the principle of subrogation. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964); Sellers v. Seligman, supra.
Accordingly, since the Thompsons, the plaintiffs in the main demand, no longer have a right of action against Darrell Mayes, Sr. and his insurer, neither can Cane Garden Apartments have any right of action against them for contribution.
The satisfaction of a judgment against one solidary obligor releases the others. Granger v. General Motors Corporation, 171 So.2d 720 (La.App. 3rd Cir. 1965). However, the main demand in this case (Little J. Thompson and his wife v. Cane Garden Apartments) is not before us on this appeal. No pleadings have been filed putting at issue the right of the plaintiffs in the main demand to recover against the defendant in the main demand, in the light of all the relevant facts of this and related litigation. All that we have before us is a judgment dismissing the third party demands brought by Cane Garden Apartments against Darrell Mayes, Sr. and State Farm Fire and Casualty Company. We have considered that judgment and we find that it should be affirmed, for the reasons stated. Appellant will pay the costs of this appeal.
AFFIRMED.