496 So.2d 1154 (1986)
Robert B. SELLERS, et al.
v.
Roger SELIGMAN, et al.
No. CA-4996.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1155 Orlando G. Bendana, Wayne H. Carlton, Jr., Bendana & Carlton, New Orleans, for plaintiff.
Frank J. Peragine, Rebecca L. Stafford, Simon, Peragine, Smith & Redfearn, New Orleans, for American Optical and its Insurers, defendants/appellees.
Gary M. Zwain, Johnston & Duplass, New Orleans, for Pulmosan Safety Equipment Corp., defendant/appellee.
James L. Selman, II, John A. Holahan, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Mine Safety Appliances Co., defendant/appellee.
Craig R. Nelson, Christina P. Fay, Robert G. Miller, Jr., Hulse, Nelson & Wanek, New Orleans, for Clemco Industries defendant/appellee.
Before SCHOTT, BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
In a wrongful death action the trial court granted American Optical's motion for summary judgment thereby dismissing plaintiffs' case. The court also maintained exceptions of res judicata and/or no cause of action filed on behalf of Pulmosan Safety Equipment Corporation, Mine Safety Appliance Company, and Clemco, in response to plaintiffs' suit. Plaintiffs appeal.
Sellers filed a suit in the Eastern District of Louisiana against several manufacturers of masks and protective clothing. The suit sought recovery for disability, pain and suffering, and other assorted injuries plaintiff allegedly suffered as a result of having contracted silicosis while working as a sandblaster/painter. The protective equipment manufacturers, Clemco, American Optical, Mine Safety Equipment and Pulmosan, third-partied certain stockholders, directors and executive officers of Southern Shipbuilding Corporation, Sellers' employer.
Sellers also instituted an intentional tort suit in Civil District Court, Parish of Orleans, against certain stockholders, directors and executive officers of Southern. The suit sought recovery for the same damages alleged in the case in federal court. Subsequently, Southern filed third-party demands naming Clemco, Mine Safety Appliances, Pulmosan, and American Optical as third-party defendants. This suit lay dormant while Sellers pursued the diversity action in federal court.
Following a jury trial the federal district court held that the manufacturers were not liable for Sellers' injuries and returned a verdict in favor of defendants. The United States Fifth Circuit Court of Appeals affirmed.
Sellers died in August, 1982 and his sons instituted the instant wrongful death action against the four manufacturers and other defendants. The sons also substituted themselves into the pending Civil District Court suit, converting it to a survivors' action. The four manufacturers filed exceptions to the third party demands of Southern in the survivors' action. The exceptions were maintained and affirmed by this court. 463 So.2d 697 (La.App. 4th Cir.1985), cert. den., 464 So.2d 1379 (La. 1985).
Following the dismissal of the manufacturers from the survivors' action, the only suit remaining against them was this wrongful death action. This action was dismissed by the trial court on the basis that the claim had been litigated previously. Plaintiffs contend that the trial court erred in dismissing the claim on the basis of res judicata and no cause or right of action because of the prior judgment against the decedent.
Louisiana Civil Code article 2315 defines the rights and remedies of a survivor for damages caused by offense or quasi-offense. The pertinent section of that article reads:

*1156 The right to recover for all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of [designated beneficiaries] ... The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the decedent.
Applied to the case at bar, the article contemplates an action arising from injuries inflicted on Sellers while he was employed by Southern. The article allows for a cause of action in three situations: (1) when there was no suit filed prior to death, (2) when a suit was filed but not litigated or (3) when a suit was filed and judgment rendered in favor of decedent, the beneficiaries may file suit for injuries they sustained. We find, however, that article 2315 does not provide a right to a beneficiary's survival action when the decedent fully litigated and lost an action arising from the same alleged tort.
In this case, Sellers brought suit in federal court, a suit which was fully litigated and lost. When Sellers failed to prove liability and damages in federal court on a claim equivalent to the one raised here, the rights of the decedent were extinguished. The trial court took full cognizance of this fact when sustaining the defendants' exceptions. The trial court recognized that the beneficiaries of the decedent can have no greater rights against the defendant than the decedent himself, Callais v. Allstate Insurance Co., 334 So.2d 692 (La. 1975); therefore, since there was no offense, since the defendants were exonerated, there is no wrongful death action available to the survivors under article 2315.
We note that the defendants also raised arguments based on the doctrine of res judicata. We acknowledge the forceful arguments that were presented but our holding that a judicial determination during the decedent's lifetime that no offense was committed precludes a subsequent "wrongful death" action makes it unnecessary for the court to reach the issue of res judicata.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, J., Concurs.
SCHOTT, Judge, concurring:
From a purely academic point of view there may be some doubt as to the validity of the judgment appealed from insofar as it dismissed appellant's suit on exceptions of res judicata and no cause of action. However, the case was properly dismissed on a motion for summary judgment.
Of the four appellees only American Optical Corporation filed a motion for summary judgment in the trial court so that it is arguable that the case should be remanded as to the other three appellees. But this would be a colossal waste of everyone's time because appellees could immediately file motions for summary judgment which would be treated by the trial court and this court just as American Optical's was.
Appellants have no wrongful death action because their father's case was fully litigated and was dismissed before his death. There was no "wrong" for which they could seek damages for his death. Thus, the result is correct. The case against all appellees was properly dismissed.