WILLIAMS, Judge.
This is an appeal of a decision finding defendant Aaron Mintz had entered into an oral contract with plaintiff The ONS Group, Inc. [“ONS”] to purchase sunglasses for resale. Mintz argues that he should not have been held liable for payment pursuant to the contract. ONS claims on appeal that the trial court applied the wrong standard in determining damages and that the award should be increased.
This case revolves around a credibility decision by the trial court. The following facts were adduced at trial by plaintiff: Lois Porche, who at that time apparently had a business relationship with defendant, offered to buy for resale 40,000 pairs of sunglasses from ONS for sale at a trade show to be held in New Orleans. Because ONS considered Porche a poor credit risk, it refused to sell to her. John Boone, president of ONS, testified at trial that after the refusal he received a telephone call from Aaron Mintz who offered to buy the glasses. ONS then agreed to the sale to defendant and shipped the 40,000 pairs of sunglasses to New Orleans. The invoice, which stated that the glasses were sold to Mintz, was signed by Porche.
Aaron Mintz denied having agreed to purchase the glasses and stated that he never placed so large an order in his business career. He testified that his only dealings with ONS concerning the sunglasses came after the glasses had been delivered and Boone requested his help in obtaining payment from Porche. Mintz testified that he said that he would see what he could do.
Porche was unable to sell all of the sunglasses. She returned some of them, freight collect, to ONS. Some of the returned glasses were damaged and therefore not merchantable. ONS sold some of the returned glasses, but not at as great a profit as it had anticipated pursuant to its contract with Mintz. Porche declared bankruptcy.
*257 The defense argues that Mintz did not enter into a sales contract with plaintiff, and that, at best, Mintz’s promise to see that ONS was paid amounted to a suretyship, which would be invalid in Louisiana because it was not in writing. As ONS points out, however, the issue is not whether the suretyship must be in writing, because the trial court’s decision was not based upon a determination that Mintz had promised to pay. the debt of another (Porche), but rather that Mintz had entered into a sales contract as a principal. Reviewing all of the evidence presented at trial, it is clear that the district court was not manifestly erroneous in making its determination. Based upon the testimony of ONS’s president and the inconsistent statements made by Mintz, the trial court did not abuse its discretion in finding that defendant had entered into a sales contract for the glasses.
ONS has appealed arguing that the trial court incorrectly computed its damages. The problem concerns the 20,000 pairs of sunglasses that were returned but that ONS was unable to resell, although it attempted to do so. The trial judge awarded plaintiff $1.20 per pair for these glasses, which represents the difference between the contract price ($2.50) and the price at which some of the glasses were resold ($1.30). ONS argues that it should have been awarded the difference between the contract price and the cost of manufacture (60<t), a difference of $14,000.00. We agree.
The trial court also denied ONS’s claim for restocking expenses, finding that it was too speculative. After having reviewed the evidence presented at trial, we cannot find that the trial court abused its discretion in refusing to award damages for the restocking.
For the foregoing reasons, the decision of the trial court finding defendant Aaron Mintz contracted with plaintiff ONS for the purchase of the sunglasses is affirmed. The judgment below is amended to reflect the additional loss of profits in the glasses it was unable to sell. The award is increased to $68,313.90.
AFFIRMED AND AMENDED.