GULOTTA, Chief Judge.
In this suit by the holder of a promissory note secured by second mortgage on real property, plaintiff appeals from a summary judgment dismissing his claim for the balance due on the note and recognition of the mortgage. Because the undisputed facts show that defendant-appellees unconditionally assumed the mortgage, we conclude the trial court erred in granting the summary judgment of dismissal.[1] Accordingly, we reverse and remand.
The facts and arguments raised in the instant suit are virtually identical to those in a separate action, Barnett v. Avnash Kaur Sabharwal, Wife of/and Manmohan Sethi, et al., 522 So.2d 130 (La.App. 4th Cir.1988), where we recently affirmed a summary judgment in favor of plaintiff and against defendant-appellees for the balance due on a promissory note and recognition of plaintiffs second mortgage on another piece of property. For clarity, we will summarize the undisputed facts once again.
On April 20,1982, Barnett purchased two second mortgage notes from L. Tom Bu-senlener, each in the face amount of $53,-957.41. One note (the subject of the previously cited suit) was made by Mr. and Mrs. Manmohan Sethi, in connection with the purchase price of 7770 North Coronet Court, which this couple had bought from Busenlener. The other note (the subject of the instant suit) was made by Mr. and Mrs. Surjit Sethi and secured by a mortgage on 7760 North Coronet Court, which they likewise had purchased from Busenlener.
On August 29, 1984, the two Sethi couples sold both pieces of property to the defendant-appellees in the instant suit. In the “Act of Sale and Assumption” from Mr. and Mrs. Surjit Sethi, the defendant-ap-pellees assumed, bound, and obligated themselves to pay two mortgage notes outstanding on 7760 North Coronet Court: a first mortgage in favor of Standard Mortgage Company, and the second mortgage held by Barnett. Like the transaction detailed in our recent opinion involving 7770 North Coronet, the act of sale and assumption in the instant case described the notes and balances due in detail and specifically mentioned Busenlener’s transfer of the second mortgage note to Barnett. The defendant-purchasers bound themselves individually and in solido with the makers of the mortgage note, “... to the full and final payment and discharge of said note and of all the liabilities and obligations expressed in said act of mortgage” to which the note had been paraphed “Ne Varietur”. The act of sale and assumption further recognized the two mortgages outstanding on 7760 North Coronet as recorded encumbrances, “payment of which is assumed by purchasers herein.”
After answering the petition, defendant-appellees filed a motion for summary judgment on the grounds that Barnett only occupied the status of a third party beneficiary of the contract of sale between themselves and the Sethis. Defendants argued that a June 9, 1984 agreement to purchase and sell the property (which had preceded *331 the act of sale and assumption) was invalid because it had been conditioned upon approval of the sale and assumption by the existing mortgagees. According to defendants, though they had purchased the property with the understanding that they could assume the existing first mortgage, Standard Mortgage Company later denied their application for the assumption.
Although the trial judge assigned no reasons for granting the summary judgment, he apparently found merit to defendant-ap-pellees’ arguments that they are not legally bound to plaintiff on the note because they did not sign the instrument and because a suspensive condition to their purchase of the property, i.e., the first mortgagee’s consent to their assumption of the first mortgage, has never occurred.
Appealing, Barnett contends that, even though the defendants did not sign the original mortgage note, they assumed liability for the debt in the “Act of Sale and Assumption”. Barnett further claims that because the authentic act of sale and assumption did not contain the condition set forth in the agreement to purchase (prior approval of the assumption of the mortgage), the condition cannot be used to set aside the sale.
For the reasons expressed in our earlier opinion, supra, we conclude the trial judge erred in granting defendants a summary judgment of dismissal in the instant case. As we noted in our prior opinion, a party who assumes a mortgage becomes liable to pay the underlying obligation and becomes a co-debtor with the original obligor. By signing the “Act of Sale and Assumption”, defendants obligated themselves to pay Barnett’s note on the property, even though they did not sign the note itself.
Furthermore, by signing the closing act of sale, defendant-appellees waived any pri- or suspensive condition in the earlier agreement to purchase. The agreement to purchase recites that the defendant purchasers are to assume the first and second mortgages on the Coronet Court properties. If the approval of the assumption of the first mortgage was so important to defendants as a pre-condition to the sale, they should have withheld their consent to the act of sale and assumption until they had obtained the first mortgagee’s permission to assume the mortgage. They cannot now avoid their obligation to Barnett by claiming to have misunderstood the circumstances of the first mortgage or to have relied on the representations of a real estate agent or any other third party concerning the mortgage assumptions. Indeed, since purchasing the property from the Sethis, defendants have acted as its rightful owners and have acquiesced in the sale and assumption by, in turn, selling the property to a limited partnership. Having thus relied on their title to the property, defendant-appellees must likewise honor their assumption of the second mortgage note held by Barnett.
Furthermore, as pointed out in our earlier opinion, supra, “... defendant-purchasers have no right to assert failure of fulfillment of the condition, i.e., the mortgagee’s lack of consent to the assumption. This right belongs to the mortgagee.”
Accordingly, the summary judgment in favor of defendants dismissing plaintiff’s suit at his cost is reversed and set aside. The matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND SET ASIDE; REMANDED.

. Defendant-appellees who assumed the mortgage are: Sandra Lawson, wife of/and Dr. Carl D. Robinson; Bennie L. Jefferson; Ernestine Steward, wife of/and James A. Gray; Andrea Green, wife of/and William J. Jefferson; and Violet Harington, wife of/and Trevor G. Byran.