BYRNES, Judge.
This appeal arises from a summary judgment granted on an open account which cost both defendants liable to plaintiff. We reverse.
FACTS
Buffman, Inc. (Buffman), as owner of immovable property, contracted with William J. Melling and Associates (Melling), as general contractor, for construction of St. Rita’s Nursing Home in St. Bernard Parish. Thereafter, although Buffman denies that there was a contract between Buffman and Drake Concrete, cement and other supplies were delivered to St. Rita’s Nursing Home for installation of a parking lot and driveway. Melling states that it did not contract with Buffman for construction of the parking area but Buffman was its own contractor on the driveway — parking lot. In their pleadings the parties agree that Melling allowed plaintiff to bill Melling for the paving supplies through Melling’s ongoing account. Plaintiff delivered the paving supplies and billed Melling for the invoices. After default in payment, Drake Concrete made a written demand on Buffman and Melling by mailing them a certified letter, attaching copies of the unpaid invoices. Melling received the letter but the letter sent to Buffman was returned marked “unclaimed”. Subsequently, plaintiff filed suit on the open account.
Buffman and Melling presented counterclaims against each other for the invoices. Melling claims that it did not intend to obligate itself for Buffman’s debt. Melling had allowed the invoices to be billed to its account so that Drake Concrete would not *27 have to run a credit check on Buffman and there would be no delay in delivery of the paving supplies. Buffman counters that Melling owed it a much greater amount than Drake Concrete’s invoices because Melling failed to complete the original contract timely or correctly. On the information that Melling was no longer in business, Buffman named the Travelers Indemnity Company as an additional defendant in re-convention as the Travelers was surety on the original construction contract between Buffman and Melling.
The trial court granted summary judgment in favor of Drake Concrete against defendants, Buffman and Melling, for the amount of $12,586.08 for delivery of the supplies, together with all costs, interest and attorney’s fees.
ISSUES
Defendants raise two issues on appeal: (1) whether there is a genuine issue of material fact precluding summary judgment as a matter of law under C.C.P. Art. 966; and (2) whether plaintiff followed the procedural requirements of C.C.P. Arts. 966 and 967, as well as LSA-R.S. 9:2781 to obtain summary judgment on an open account, including attorney’s fees.
GENUINE ISSUE OF MATERIAL FACT
Defendant Melling claims that the material fact at issue was the intent of the parties when they agreed for plaintiff to bill the invoices through Melling’s account. Melling avers that it did not intend to obligate itself for the supply invoices, noting that Buffman had stated that it would pay within ten days to take advantage of a discount. Buffman claims that there is a genuine issue based on the fact that Buff-man did not have an open account with plaintiff, Drake Concrete. Additionally, Buffman asserts that Melling owed Buff-man a great deal more than the amount of Drake Concrete’s invoices because Melling failed to perform the original contract correctly on time. Therefore, Buffman contests that it owes payment to Drake Concrete.
In support of summary judgment, Drake Concrete contends that there is no issue of material fact involving the plaintiff. Drake Concrete claims that defendants raise issue as to motive and intent that concern the counterclaims as to which defendant owed the other. Plaintiff urges that Melling obligated itself for the debt because Drake Concrete would not have supplied materials to the nursing home unless Melling agreed to be billed on its account. Pursuant to C.C. Arts. 1978 through 1982, Drake Concrete claims that Melling had made a stipulation for a third party beneficiary which could be revoked only by the stipulator before the third party manifested his intention of availing himself of the benefit.
A review of the record reveals that there is no dispute that the supplies were ordered and delivered to St. Rita’s Nursing Home. Nor is it disputed that Drake Concrete could bill the paving supplies on Melling’s account. The amount of the invoices is also undisputed.
However an issue exists as to the nature of the agreement among the three parties. Melling claims it was not a party to the contract for supplies; however, plaintiff claims that Melling made a stipulation for a third party beneficiary. This presents an issue of whether there was an oral sales agreement making Melling directly liable as a principal, or whether Mell-ing promised to see that plaintiff was paid, amounting to a suretyship which would be invalid if not in writing. ONS Group, Inc. v. Mintz, 501 So.2d 255 (La.App. 4th Cir. 1986), writ denied, 505 So.2d 57 (La.1987). Additionally, Buffman’s claim of no liability puts at issue the intent of the parties as to what agreement had been made.
On an action for amounts due on an open account, this court found summary judgment inappropriate where, “[t]he intent of [the parties] to personally assume liability (there is nothing in writing) is at issue.” Barham & Churchill v. Campbell & Associates, 503 So.2d 576, 577 (La.App. 4th Cir. 1987), writ denied 503 So.2d 1018 (La.1987). The intention of the parties constitutes a genuine issue of material fact *28 which must be decided at a full trial on the merits. Sellers v. Seligman, 463 So.2d 697 (La.App. 4th Cir.1985), writ denied, 464 So.2d 1379 (La.1985). The burden of proof is on the party moving for summary judgment, and the court should resolve every reasonable doubt against the mover and in favor of a trial on the merits. G.E. Credit Corp. v. World Car Center, Inc., 503 So.2d 602 (La.App. 4th Cir.1987). The court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
Applying the above standards, because the intention of the parties constitutes a genuine issue of material fact, we conclude that the trial judge erred in granting summary judgment. In light of this finding, we decline to reach the issue on procedural requirements.
We therefore reverse the ruling of the trial court with each party to pay its own costs. We remand for trial on the merits.
REVERSED AND REMANDED.