COVINGTON, Chief Judge.
This appeal of the judgment in a third-party demand by the third-party defendants concerns liability for the wrongful cutting of timber. The plaintiff in the main demand was awarded judgment in the amount of $153,174.00, plus attorney’s fees of $7,500.00 and interest against the defendant, who in turn as third-party plaintiff was awarded the same against the appellants. We amend the judgment and affirm.
The nine third-party defendants — appellants, Caretha Butler, Collis B. Temple, Sr., Oscar Temple, Fulton Temple, Godfrey Butler, Jr., Elmira Wicker, Clifton Butler, Carrie Mae Hampton, and Margaret Butler, entered into a contract with the defendant, third-party plaintiff, Southern Wood, Inc., for the sale of standing timber. The contract was executed by appellants on April 29, 1983, for the sum of $35,300.00, and was to apply to timber on a 135.87 acre tract as shown on a survey purportedly attached to the timber deed. However, the evidence at the trial of the main demand showed that the property in question was not owned by appellants, but was actually two separate tracts, a 108-acre tract owned by plaintiff, Iris Sitman; and a 27-acre tract owned by a non-party to this suit, Mr. Edwin Schilling, Jr.
Witnesses testified that the third-party defendants held themselves out as owners of the timber and property in question. Luther Walker, who periodically scouts potential sales for the defendant, stated that Collis Temple (one of the appellants) told him of a tract of timber for sale in which he had a partnership interest; that Temple sent him to see a Mr. Alphonse Wicker to be shown the property. Walker did so, and informed the defendant’s president of the potential sale. Sterling Smith, the president of Southern Wood, Inc., then met with Collis Temple, who showed him a map or copy of a plat of survey of the property indicating the property lines and that the property was “claimed” by the appellants, or “Butler heirs.” Smith had his timber buyer view the property with Walker, and had his logger obtain another copy of the same survey from Elmira Wicker (another appellant). Once the timber buyer “ran a cruise” or estimate of the timber on the property, Smith negotiated with Collis Temple and eventually entered into a contract with all of the appellants.
Smith testified that he and his company relied on the certified map [plat of survey] from a licensed land surveyor as proof that *767 the appellants owned the 135 acres. He also stated that his timber buyer had gone to the courthouse and checked the records to see whether the Butlers owned timber, and that “we were confident that they did....”
In reliance on these events and factors, Southern Wood, Inc., did actually cut the timber from the entire 135 acres. Following this, Ms. Sitman filed suit against Southern Wood, Inc., who in turn filed its third-party demand for indemnity against the Butler heirs, the appellants.
The third-party demand was severed and tried separately from the main demand, and the court issued written reasons encompassing both demands. The trial judge found that the timber had a fair market value of $43,858.00; and determined restoration costs for the property to be $21,-600.00 ($200.00 per acre x 108 acres), basing these figures on expert testimony by a consulting forester. He also awarded to the plaintiff, Ms. Sitman, attorney’s fees of $7,500.00 and interest, as well as treble damages on the timber’s market value under La.R.S. 56:1478.1, based on his finding of bad faith on the part of the defendant. Southern Wood has dismissed its own appeal and has not answered this appeal; thus, these determinations by the trial court, are final.
With regard to the third-party demand, the trial court awarded Southern Wood, Inc. “reimbursement for all sums which it must pay Ms. Sitman on the main demand” and attorney’s fees of $7,500.00. The third-party defendants appeal this judgment, urging four assignments of error, as follows.
I. Application of LA.R.S. 56:1478.1.
Appellants argue that this statute[1] pertaining to cutting trees without the consent of the owner or legal possessor is inapplicable to them as the vendors of the timber. This argument has no merit. As the trial judge found, plaintiff Sitman established her title to the property in question. Presumably, appellants wish to rely on “legal possessor” status to escape the statute’s coverage. However, the record does not support this position, as not one shred of evidence or testimony was introduced on this issue. None of the appellants testified, either on direct or cross-examination. Thus, the uncontradicted testimony of the plaintiff, defendant, and witnesses points to conversion by the appellants of plaintiff’s timber. When this view is augmented by the presumption which attaches to the appellants’ failure to testify — that is, that their testimony would have been unfavorable to them — the only *768 correct conclusion is that the statute’s penalties must apply to appellants.
II. Finding of Bad Faith on the part of Appellants.
Appellants contend that the appellee did not sufficiently prove bad faith, as none of the appellants were cross-examined at trial. They also contend that the record does not reflect evidence which shows bad faith on their part.
This argument seems ludicrous in view of the testimony and evidence previously discussed. It is not necessary for the appellants themselves to have testified in order to be found in bad faith. The uncontra-dicted testimony and evidence of their actions, as demonstrated by their signatures on the timber deed with Southern Wood, Inc., support the trial judge’s finding.
Appellants clearly intended to sell, and did sell, standing timber from immovable property to which they did not have title, by holding themselves out as the owners of that property. Again, because of their failure to testify, the presumption attaches that their testimony would have been adverse to them.
We find no manifest error in the trial judge’s determination.
III. Exemption when cutting operations are covered by contract.
Appellants’ next argument is that under subsection C of the statute, treble damages are not to be assessed against them because the cutting operations were done “pursuant to a Timber Deed with a survey of the property attached to it.” Subsection C, which imposes the treble damages available under the statute, also provides an exception for imposition of these damages, in pertinent part, as follows:
... except however that the provisions of this Section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner. [Emphasis added.]
Appellants’ argument falls under the clear language of the statute. The contract or agreement to sell must be with the owner. As we discussed previously, there was no evidence or testimony in the record to support appellants’ apparent claims of ownership. Thus, although there was a contract, it did not trigger the exception of subsection C. There was no error on the part of the trial court in this regard.
IV.Appellee’s Award of Attorney’s Fees.
In addition to awarding appellee reimbursement of the attorney’s fees it paid to plaintiff, the trial judge granted an additional $7,500.00 in attorney’s fees to appel-lee on its third party demand. Appellants argue that this award was in error because neither the statute nor the timber deed provide a basis for such an award.
Appellants are correct on this issue. Our review of the contract between appellants and appellee reveals no provision that authorizes such an award. Nor are we aware of any statute allowing this award. In the absence of any specific authority for imposition of attorney’s fees, the judgment must be amended to delete this item.
Effects of Compromise and Solidary Liability-
In their petition for appeal, ihird-party defendants-appellants allege that the plaintiff and defendant (third-party plaintiff-appellee) compromised the main demand after judgment on it was rendered. Judgment in favor of Ms. Sitman was in the amount of $153,174.00, plus $7,500.00 in attorney’s fees, interest, and costs. Appellants allege that the compromise was for $114,316.00 plus $5,000.00 in attorney’s fees, and contend that this reduction of the appellee’s liability on the main demand effectively reduces their own liability on the third-party demand. The record contains an acknowledgment by plaintiff’s attorney that plaintiff has received “full payment and satisfaction” of the judgment by the defendant, but there is no evidence of the amount of the payment other than appellants’ statements.
*769 We find no merit in this argument. Additionally, we must amend the judgment on other grounds. The trial court erred in awarding indemnity. “A party who is actually negligent or actually at fault cannot recover tort indemnity.” Thompson v. Cane Garden Apartments, 480 So.2d 373, 375 (La.App. 3d Cir.1985). However, appellees are entitled to contribution. Appellee and appellants were solidar-ily obligated to the plaintiff in this matter, as each set of parties was responsible for the damages plaintiff suffered. As LSA-C.C. art. 1797 provides, “[a]n obligation may be solidary though it derives from a different source for each obligor.”[2] The trial judge found Southern Wood, Inc., to be in bad faith, and this factual determination is now final. He also found the appellants to be in bad faith, with which finding we agree. Thus, as between the solidary obligors, each was liable for his virile portion under the Civil Code articles in effect at the time, or that amount proportional to his fault. LSA-C.C. art. 2103. Appellee is thus not entitled to full indemnity.
We see no need to remand the matter to the trial judge for a determination with regard to fault. On the basis of the record before us, we find appellants to be fifty percent at fault, and accordingly amend the judgment to so reflect.
The judgment in favor of the third-party plaintiff-appellee, Southern Wood, Inc., is reduced to delete the award of $7,500.00 in attorney’s fees on the third-party demand, and reduced to fifty percent of plaintiffs damages, plus interest and costs. All costs of this appeal are assessed to appellants.
AMENDED, and as amended, AFFIRMED.

. La.R.S. 56:1478.1 provided at the time in question as follows:
A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed, plus reasonable attorney’s fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however that the provisions of this Section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.
D. The provisions of this Section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God. The provisions of this Act shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana.
E. Whoever violates the provisions of Subsection A as they relate to the cutting of standing cypress trees on water bottoms owned by the state of Louisiana shall, in addition to the penalties otherwise provided in this Section, be subject to a fine not to exceed $5,000.00, imprisonment not to exceed six months, or both.
This statute was subsequently amended and reenacted as La.R.S. 3:4278.1 by Acts 1987, No. 144, § 1.

. Although enacted subsequent to the events herein by Acts 1984, No. 331, § 1, this article is merely a concise restatement of the jurisprudence and several earlier Civil Code articles in effect at the time.