BYRNES, Judge.
Purchasers of immovable property who assumed a mortgage appeal a summary judgment casting them for the balance due in an action by the holder of the promissory note.
On May 27, 1980 defendants, Surjit and Kaval Sethi executed a promissory note in the amount of $177,260 payable to Lau-rance Eustis Mortgagee Corporation (“LEMC”). On the same date the Sethis’ note was secured by a mortgage in favor of LEMC on 7720 North Coronet Court, property located in New Orleans East. Thereafter, LEMC assigned the note to Federal National Mortgage Association (“FNMA”) on June 6, 1980.
In March, 1984, the Sethis conveyed the property by act of sale to Dianne and George Cross, who in turn sold the property to Jean and Seaborn Wicker by act of exchange. The Wickers then conveyed the property to third-party defendants-appellants by act of sale and assumption in August, 1984. The third-party defendants who assumed the mortgage included Sandra Lawson, wife of/and Dr. Carl D. Robinson; Bennie L. Jefferson; Ernestine Steward, wife of/and James A. Gray; Andrea Green, wife of/and William J. Jefferson; and Violet Harrington, wife of/and Trevor G. Bryan. A few days later, third-party defendants-appellants sold the property to New Sunbelt Investment Company (Sunbelt) by act of sale and assumption on September 13, 1984.
On April 4, 1986 FNMA filed a petition for executory process against the original mortgagors, the Sethis. Subsequently, the action was consolidated with two other lawsuits. The property at 7720 North Cornet Court was sold by the Sheriff of Orleans Parish pursuant to a writ of seizure and sale. FNMA then assigned its right to a deficiency judgment against the Sethis to Verex Assurance, Inc. (Verex). Verex filed suit against the Sethis for the deficiency and the Sethis in turn filed a third-party demand for indemnity against thirty-party defendants/appellants and New Sunbelt Investment Company. On June 29, 1988, Ve-rex was awarded summary judgment against the Sethis for the deficiency in the amount of $67,628.93. Thereafter, on October 5, 1988 the trial court awarded summary judgment in favor of the Sethis against the third-party defendants/appellants and Sunbelt in the amount of $67,-628.93 in full indemnity for the judgment against the Sethis. After their motion for new trial was denied, third-party defendants/appellants appeal the summary judgment against it.
The issue on appeal is whether there is a genuine issue of material fact precluding summary judgment. Appellants argue that there is a issue of whether the Sethis can recover from the appellants based upon indemnity in the sale and assumption where the predecessors sustained damages as a result of their own fault. In their brief, the Sethis reviewed this issue, asserting that, “[wjhile it is true that an innocent third-party is not liable under the theory of indemnity to an indemnitee whose damages *356 are the result of his own fault, the rule is limited to indemnitees who commit negligent or intentional torts. Neither FNMA, Verez nor the appellants have alleged tor-tious conduct on the part of the Sethis. The Jefferson Group's liability is not vicarious, but contractual.” The Sethis argue that in any event the deficiency judgment was not based on the fact that the Sethis violated Clause 17 in the mortgage agreement which stated that the mortgagee must have prior approval of any sale or assumption of the mortgage note. The Sethis claim that the default upon which the demand was based was the failure of the obligor to pay monthly installments on the note when due.
In Barnett v. Sethi, 522 So.2d 130 (La.App. 4th Cir.1988), writ denied, 532 So.2d 763 (La.1988), and Barnett v. Sethi, 526 So.2d 329 (La.App. 4th Cir.1988), writ denied, 532 So.2d 763 (La.1988), this court held that "the defendant-purchasers have no right to assert failure of fulfillment of the condition, ie., the mortgagee’s lack of consent to the assumption. This right belongs to the mortgagee.” However, an issue exists as to the nature of the indemnity agreement among the parties which was not discussed in the above two related opinions. Appellants present an issue of the intent of the parties as to whether the indemnity includes damages incurred by individuals as a result of their own negligence or intentional act. Under Louisiana law, an indemnification agreement will not be construed to cover losses arising from an indemnitee’s negligence unless mutual intent to provide such indemnification is expressed in unequivocal terms. Amoco Production Co. v. Forest Oil Corp., 844 F.2d 251 (5th Cir.1988); Knapp v. Chevron USA, Inc., 781 F.2d 1123 (5th Cir.1986). The intent of the parties constitutes a genuine issue of material fact which must be decided on a full trial on the merits. Sellers v. Seligman, 463 So.2d 697 (La.App. 4th Cir.1985), writ denied, 464 So.2d 1379 (La.1985). The burden of proof is on the party moving for summary judgment, and the court should resolve every reasonable doubt against the mover and in favor of a trial on the merits. General Electric Credit Corp. v. World Car Center, 503 So.2d 602 (La.App. 4th Cir.1987). The court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there is a genuine issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
Applying the above standards, because the intention of the parties constitutes a genuine issue of material fact, we conclude that the trial judge erred in granting summary judgment. We therefore reverse the ruling of the trial with costs assessed to the plaintiffs/appellees. We remand for trial on the merits.
REVERSED AND REMANDED.