303 So.2d 214 (1974)
Ned ALLEN
v.
Dale MICHELL, d/b/a Dale's Esso Service Center.
No. 6455.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1974.
*215 Earl J. Schmitt, Jr., New Orleans, for plaintiff-appellant.
Richard G. Steiner, Gretna, for defendant-appellee.
Before LEMMON, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff Allen appeals from a dismissal of his suit to annul a default judgment taken against him by defendant Michell. Allen alleged that the default judgment was based on a false statement of account, that Michell knew there was no balance due on the account, that after the judgment was taken Allen appeared in response to a judgment debtor rule whereupon he presented certain evidence of payment to Michell's attorney, that subsequently on April 2, 1971, Michell's attorney told Allen that he "could burn those checks up" and since then Allen has been unable to secure counsel. Allen concludes that these acts amount to ill practice and are grounds for nullity of the judgment pursuant to LSA-C.C.P. Art. 2004. In addition, Allen alleges that the preliminary default was taken by Michell against Allen before the 15-day delay established by LSA-C.C.P. Art. 1001 for answering, so that an annulment of the judgment pursuant to LSA-C.C.P. Art. 2002(2) is in order.
In order to consider these grounds for annulment the chronological development of the first suit in which the default judgment was taken, as well as the present action of nullity is significant. The original suit was filed on September 1, 1970, personal service of the petition and citation being made on Allen on September 3. On September 18 a preliminary default was taken and the judgment was confirmed on September 28. On November 4, 1970, garnishment proceedings pursuant to a writ of fieri facias were issued against a bank with the result that Michell made a partial collection of his judgment in January, 1971. In August, 1971, a notice of seizure pursuant to a writ of fieri facias was served on Allen. In the meantime, judgment debtor rules were served on Allen and were satisfied on November 2, 1970, and on April 2 and October 25, 1971. The suit to annul the judgment was filed on February 22, 1973.
It appears from the above that Allen possibly had a cause of action to annul the default judgment under C.C.P. Art. 2002(2) because the default judgment was taken before a full 15-day period had elapsed. However, Allen voluntarily acquiesced in the judgment and is prevented from seeking to annul it under C.C.P. Art. 2003, since he was present in the Parish at the time the judgment was executed and he did not attempt to enjoin its enforcement.
In response to the action of nullity, Michell filed a peremptory exception of prescription based upon C.C.P. Art. 2004, which provides that an action to annul a judgment on the grounds that it was obtained by fraud or ill practices must be *216 brought within one year of the discovery of the fraud or ill practices. Originally, the trial judge ordered that the exception be referred to the merits and his final judgment, which is now on appeal, was in favor of Michell on the basis of a trial of the merits but did not refer to or dispose of Michell's exception of prescription. Since the exception was timely pleaded in accordance with C.C.P. Art. 927 although the exception was not the basis of the trial court's dismissal, it follows that the exception is before this Court and may be decided by us pursuant to C.C.P. Art. 2163.
As can be seen by reference to the chronological development of the original suit and the date on which this action of nullity was filed it is revealed that over a year passed from the time of Allen's "discovery" of those actions by Michell which he claims to have constituted ill practices. The thrust of Allen's argument is that when he was in court for examination by Michell's attorney, pursuant to a judgment debtor rule on November 2, 1970, he presented a number of checks which he testified were in payment of the open account sued on and for which Michell had given no credit. He testified that Michell's attorney made a record of the checks and informed him that he would check it with his client. Then, in the face of the subsequent garnishment proceedings and the later judgment debtor rules, Allen was unsuccessfully attempting to secure counsel according to his testimony. Michell and his attorney testified that after the first judgment debtor rule, when Allen claimed to have paid the account, they checked Michell's records and found that the amounts represented by the cancelled checks were either credited to the account or that they were given for items other than those included in the account. Significantly, the last judgment debtor rule was satisfied on October 25, 1971, almost 16 months before the action of nullity was initiated. We are at a loss to see what Allen is claiming to have discovered within one year of his initiation of this action of nullity so as to avoid the exception of prescription, and conclude that the suit should have been dismissed on that basis.
While the foregoing disposes of Allen's case, the gravity of his charges that Michell was guilty of ill practices in utilizing a false affidavit or statement of account in order to secure a default judgment and in his attorney's handling of the judgment debtor rules, leads us to add that we find no error whatsoever in the trial court's judgment on the merits in favor of Michell. In his reasons for judgment the trial judge noted that Michell's attorney had been guilty of no improper conduct, but on the contrary his handling of the default case was "exemplary." The trial judge said:
"Further, while Dale Michell's recordkeeping at his service station may not be the ultimate in bookkeeping perfection, it nonetheless serves Mr. Michell's purpose. After hearing Mr. Michell's testimony and that of Mr. Allen, the Court is convinced that Mr. Allen was not the victim of an alleged `false statement of account.'
"Ironically, Mr. Allen is in court complaining of Mr. Michell's bookkeeping while he (Allen) has no bookkeeping system of his own and did notand probably could notstate any lesser amount he (Allen) felt was due Mr. Michell in 1970."
From our examination of the record we agree with the trial judge. The best that can be said for Allen's case is that he tried to prove in his action of nullity matters which should have been alleged and proved in defense to the original claim. In effect, Allen says that he paid this account and he offered various cancelled checks to corroborate his testimony. His testimony was contradicted by Michell's own testimony, corroborated to some extent by his invoices. Had Allen originally answered Michell's suit it may be that a trial judge would have dismissed the *217 suit or given Allen some credit based upon his testimony and evidence, but before us is an action of nullity in which Allen has the burden to prove his allegations that Michell's evidence was false and he failed to bear this burden of proof. Allen's position is not unlike that of the plaintiff in Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967) wherein it was said by this Court that:
"The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant's failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit."
Accordingly, the judgment is affirmed.
Affirmed.