400 So.2d 1167 (1981)
Charmaine L. CARLINE
v.
A. C. LEWIS, d/b/a A. C. Lewis Realty Company and Investment Properties of Greater Baton Rouge, Inc.
No. 14096.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
William P. Brumfield, Baton Rouge, for plaintiff-appellant Charmaine L. Carline.
James E. Moore, Baton Rouge, for defendants-appellees, A. C. Lewis d/b/a A. C. Lewis Realty Co. and Investment Properties of Greater Baton Rouge, Inc.
Robert J. Vandaworker, Baton Rouge, for defendant-appellee Skotty Aluminum Products Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
Plaintiff filed suit alleging that a defective window in her apartment allowed the undisturbed entry by an intruder who assaulted her. Additionally she alleges that defendants-lessors warranted that there was a security guard on duty. Named defendants are A. C. Lewis, d/b/a A. C. Lewis Realty Company (Lewis), manager of the apartment complex; and Investment Properties of Greater Baton Rouge, Inc. (Investment Properties), owner. By supplemental petition Skotty Aluminum Products, manufacturer of the window, was added as a defendant.
Lewis and Investment Properties moved for summary judgment arguing that lessors have no legal responsibility for maintenance and repair of locks, hinges or windows. They also claimed that a lessor is not bound to protect the lessee against disturbances caused by persons not claiming any right to the premises. In support thereof they cite *1168 La.C.C. arts. 2703 and 2716. In addition they cite Shelp v. National Surety Corporation, 333 F.2d 431 (5th Cir. 1964); Gant v. Flint-Goodridge Hospital of Dillard University, 359 So.2d 279 (La.App. 4th Cir. 1977), writ refused 362 So.2d 581 and 1117 (La. 1978); and Robicheaux v. Roy, 352 So.2d 766 (La.App. 3rd Cir. 1977), writ refused 354 So.2d 207 (La.1978). Summary judgment was granted dismissing plaintiff's petition against A. C. Lewis, d/b/a A. C. Lewis Realty Company, and Investment Properties of Greater Baton Rouge, Inc., at plaintiff's costs.
In briefs before this court both sides discuss the duty owed by a lessor to a lessee under various Civil Code articles. However, neither side discusses the allegation made by plaintiff that the defendants-lessors warranted that there would be a security guard on duty. In answer to an interrogatory, defendants Lewis and Investment Properties gave the name of an individual who is purportedly the security guard at the apartment. We find a genuine issue of material fact as to whether there was a security guard in the employ of the defendants and, if there was, whether he was properly performing his duty. La.C.C.P. art. 966 is clear that a summary judgment shall be rendered only if "there is no genuine issue as to material fact." We find a genuine issue of material fact and are compelled to reverse.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with the views expressed hereinabove. All costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.