407 So.2d 510 (1981)
Linda DAY
v.
Maxie CASTILOW et al.
No. 12309.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1981.
*511 Gerald E. Meunier, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for Linda Day.
Steven B. Witman, Johnston & Duplass, New Orleans, for defendant Robert Van Langendonck.
Joseph W. Rausch, Edward N. George, III, Stassi & Rausch, New Orleans, for defendants Maxie Castilow et al.
Before REDMANN, SCHOTT and KLEES, JJ.
REDMANN, Judge.
On this appeal from a summary judgment, the question is whether, as a matter of law, a lessor is not liable for violence against the lessee of one of two first-floor apartments by an intruder who hid in the unlockable, other first-floor apartment, after gaining access to the side patio through a gate whose lock was defective. The facts appear to be that the lessor knew of the undependability of the gate lock, and the lessor herself kept the vacant first-floor apartment unlocked, with no lock on it, for some period while she was moving things from that apartment to a second-floor apartment; and the lessor had also been told by a former tenant of the second-floor apartment that she had been assaulted in the second-floor apartment.
We cannot say, as a matter of law, that the lessor did not, under the circumstances, owe to the lessee a duty both to inform her of the alleged second-floor incident and to keep the other first-floor apartment and patio gate secure against intruders. The fulfillment of those duties would have doubly protected the lessee against the violence that befell her: it would have impeded access of and ambush by the intruder, and it would also have made the lessee herself more cautious about leaving the safety of her own apartment at night to investigate noise in the patio. (When she did, she was accosted by the intruder who had hidden in the unlocked apartment.)
The Louisiana law of tort is very broad: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." C.C. 2315. If the lessee can prove the facts set forth above, she shows that the lessor both facilitated the concealed presence of violent intruders upon the premises and failed to warn the lessee that such an intruder had previously assaulted a tenant. In our opinion that is fault within C.C. 2315 and a cause of the lessee's injury.
A lessee's obligation to maintain locks on leased premises, C.C. 2716, held controlling in Shelp v. National Surety Corp., 333 F.2d 431 (5 Cir. 1964), is not controlling here because the locks here were not locks of the portion of the lessor's premises leased to plaintiff but of other portions of the lessor's premises.
Accordingly a possibility of liability on the part of the lessor exists, and the summary judgment in favor of the lessor was erroneously granted.
Plaintiff also appeals from the judgment's holding she had no cause of action against the owner of the adjacent building. The allegations are that that building and the lessor's building had patio gates next to each other on the street without any dividing fence within to separate the properties as a result of a boundary dispute; that frame removal by the neighbor to facilitate painting deprived the gates of their normal support and caused plaintiff's lessor's gate not to lock properly, to the neighbor's knowledge. We agree that those allegations do not state a cause of action; they show no duty owed by the neighbor to plaintiff to resolve the boundary dispute and repair the gate and build the missing fence in common. We therefore affirm the dismissal as to the neighbor.
Summary judgment reversed; otherwise affirmed.