442 So.2d 1296 (1983)
Little J. THOMPSON, et ux., Plaintiffs-Appellants,
v.
CANE GARDENS APARTMENTS, Defendant-Appellee.
No. 83-314.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1297 Thomas, Dunahoe & Gregory, A.J. Gregory, Jr., Natchitoches, for plaintiffs-appellants.
Brittain & Williams, Jack O. Brittain, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Plaintiffs, Little Joe Thompson and his wife, Ira Hyde Thompson, filed suit against defendant, Cane Garden Apartments, alleging the breach of a lease agreement. They alleged that defendant failed to provide plaintiffs with a safe and secure apartment as promised. Allegedly as a result of the breach, an intruder was able to gain access to their apartment and brutally assault the plaintiffs. The defendants filed exceptions of no cause of action and prescription. The plaintiffs appeal the dismissal of their suit following the sustaining of defendant's exception of no cause of action.
The issues on appeal are whether (1) the trial court erred in granting the defendant's exception of no cause of action, and (2) if so, whether the plaintiffs' action has prescribed. We find that the exception of no cause of action was improperly maintained and we overrule the exception of prescription. Accordingly, we reverse and remand for the reasons which we will now explain.
Exception of No Cause of Action
As this court stated in Ingram v. Reliable Finance Company, Inc., 410 So.2d 768 (La.App. 3rd Cir.1981):
Our jurisprudence is well settled that the exception of no cause of action is tried solely on the face of the petition and attached documents. In ruling on an exception of no cause of action, all well-pleaded facts in the petition and attached documents must be accepted as true and any doubt must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir.1975).
The petition in the instant case alleges that on April 1, 1981, the plaintiffs entered into a lease agreement with the defendant for the rental of an apartment. At that time, according to the petition, agents for the defendant assured the plaintiffs that security measures would be taken to provide a safe environment for the elderly *1298 and to prevent them from worrying about intruders. It is alleged that plaintiffs were further advised that security guards would be on duty. The lease agreement, attached to the petition, provided that the lessors would maintain the premises in a decent and safe condition. The petition then alleges that on July 24, 1981, due to a breach of the lessor's obligation to provide plaintiff with a safe and secure environment, an intruder was able to gain access to the plaintiffs' apartment and assault the plaintiffs.
Although LSA-C.C. art. 2703 absolves the lessor from liability for torts against the lessee committed by third persons who claim no right to the leased premises, a lessor may be held liable where the lessor makes implied or express obligations of security maintenance to the lessee, and a breach thereof is the proximate cause of a tort committed by a third person intruder. See Gant v. Flint-Goodridge Hospital of Dillard, 359 So.2d 279 (La.App. 4th Cir. 1978); and Carline v. Lewis, 400 So.2d 1167 (La.App. 1st Cir.1981).
In Carline v. Lewis, supra, the plaintiff filed suit alleging that a defective window in her apartment allowed the undisturbed entry by an intruder who assaulted her. Additionally, she alleged that the defendants-lessors warranted that there was a security guard on duty. The defendants moved for summary judgment claiming that a lessor is not bound to protect the lessee against disturbances caused by persons not claiming any right to the premises. The trial court granted the defendants' motion for summary judgment. In reversing the trial court the appellate court observed that neither side discussed the allegation that there would be a security guard on duty, and found a genuine issue of material fact as to whether there was a security guard in the employ of the defendant and, if there was, whether he was properly performing his duty.
In the present case the allegations, accepted as true, establish that agents for the defendant assured the plaintiffs that security measures would be taken to provide a safe environment for the elderly and to keep them from having to worry about intruders. The plaintiffs were further advised that security guards would be on duty. Due to a breach of the lessor's obligation to provide plaintiffs a safe and secure environment, an intruder was able to gain entrance into the plaintiffs' apartment and harm them. Under these facts we find the plaintiffs' petition does state a cause of action.
Prescription
On appeal the defendants also argue that plaintiffs' suit for damages has prescribed since the suit was not brought against the defendant within one year from the date of the incident. The defendant contends and the trial court held, that plaintiffs' petition is a suit for damages in tort and not one in contract. The defendant's exception of prescription had been timely pleaded at the trial court level.
Although the exception of prescription was not the basis of the trial court's dismissal, the exception is before this Court and may be decided by us pursuant to LSA-C.C.P. art. 2163 since the exception was timely pleaded in accordance with C.C.P. art. 927. See Allen v. Michell, 303 So.2d 214 (La.App. 4th Cir.1974).
In order to determine the applicable prescriptive period we must determine whether this action is a suit in contract or an action in tort. In McCrory Corp. v. Latter, 331 So.2d 577 (La.App. 1st Cir. 1976), writ denied 334 So.2d 229 (La.1976), the plaintiff-lessee filed suit against his lessor and the lessor's insurer for damages caused by intrusion of water into the leased premises. The plaintiff alleged that his lessor breached a provision of the lease agreement that required the landlord to "keep the basement (if any) of the leased premises waterproof." The defendant-insurer filed a peremptory exception pleading that the prescriptive period applicable to an action ex delicto applied and that more than one year had elapsed from the date of the damage to the date of filing suit and that accordingly plaintiff's claim had prescribed.
*1299 The trial judge overruled the exception. On appeal the court affirmed the trial court's decision by stating:
We do not view this latter provision as a mere covenant to repair. If it means what it says, it is an obligation to keep the basement waterproof. The failure of this obligation is not only a breach of the contract but is also a breach of the landlord's statutory obligation to maintain the lessee in the peaceable possession of the leased premises during the continuance of the lease, LSA-C.C. Art. 2692,2 and to guarantee him against all of the vices and defects of the thing leased, LSA-C.C. Art. 2695.3 Thus, there was a breach of both the landlord's contractual duty as well as the statutory duties imposed upon him by law.
Recently the Louisiana Supreme Court in Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972), stated:
"It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractural [sic] relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action. * * *" (263 So.2d at 872)
Therefore, it is enough for us to decide that plaintiff brought its suit in contract, alleging that the contract was breached and that the damages which may be awarded are those sustained because of the other party's default, LSA-C.C. Art. 1930.4 All of the damages here sued for are those which resulted from the landlord's failure of his contractual duty to keep the basement waterproof.
The law is well settled that an action on a breach of contract prescribes in ten years, LSA-C.C. Art. 3544 and Federal Insurance Company v. Insurance Company of North America, supra.

In the present case the plaintiffs brought suit in contract alleging that the lease agreement between the parties was breached when an intruder was able to gain entrance into their apartment.
We find that such an action may have been brought either by a suit in contract or an action in tort. See the dissenting opinion in Gant, supra. In this case the plaintiffs clearly brought their suit in contract and the action on a breach of contract prescribes in ten years. LSA-C.C. art. 3544. For these reasons plaintiffs' suit has not prescribed.
The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.