CUTRER, Judge.
A motion for summary judgment was granted in favor of the defendant, Park Dell Terrace Partnership. From that judgment plaintiffs, James and Brenda Hall, perfect this appeal. We affirm.
On August 31, 1979, plaintiffs leased premises for a jewelry store from Charles and Jeanette Mathis (Mathis). Mathis sold the property to the Park Dell Terrace Partnership (Park Dell Terrace), comprised of James Daley and Kenneth Strauss. Park Dell Terrace owned and was leasing the property to the plaintiffs on August 24, 1980, whén their jewelry store was burglarized. The burglars gained access to the premises from an adjoining store through a common wall constructed of sheetrock. The value of the stolen jewelry was $140,-000.00. Plaintiffs-lessees seek damages from the lessors as a result of the burglary.
This is the second appeal in this case. In the first appeal, Hall v. Park Dell Terrace Partnership, 425 So.2d 372 (La.App. 3rd Cir.1982), the plaintiffs argued that the sheetrock wall was not adequate to serve as a protection for plaintiffs’ business and that Mathis was liable under LSA-C.C. art. 2695. This article provides that a lessor guarantees the lessees against all vices and defects of the things. This court held that LSA-C.C. art. 2703 [1] relieves that lessor of any duty to protect the lessee against any disturbances caused by persons not claiming any right to the premises (such as a burglar). In view of this limitation, we held that LSA-C.C. art. 2695[2] did not extend to losses resulting from a burglary.
In the first appeal, plaintiffs also sought recovery under the provisions of LSA-C.C. art. 2322. We held that, since the petition failed to allege that Mathis was the owner at the time of the burglary, art. 2322 could not be applicable. The exception of no cause of action filed by Mathis was sustained and the suit against them was dismissed. The suit was remanded and the petition was amended to state that Park Dell Terrace was the owner/lessor at the time of the burglary.
The plaintiffs’ position on this appeal is that Park Dell Terrace, as owner, is liable under the provisions of LSA-C.C. art. 2322. This article provides as follows:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction. ”
The plaintiffs contend that the common wall between the jewelry store and the *344 adjoining premises, being constructed with sheetrock, was inadequate to protect the jewelry store from burglars’ entry. Plaintiffs label this condition as a “vice” under art. 2322 and contend that this article creates a liability of the lessor/owner to the plaintiffs for the losses due to a theft committed by the burglar. We disagree.
The forced entry by burglars is a disturbance “caused by persons not claiming any rights to the premises.” The lessor/owner is relieved of any duty to protect the lessee against such disturbances by the provisions of LSA-C.C. art. 2703, supra. Under these circumstances, the lessor/owner of the premises, Park Dell Terrace, is relieved of liability for plaintiffs’ losses.
A motion for summary judgment should only be granted if there is no genuine issue as to the material facts and if the mover is entitled to a judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); LSA-C.C.P. art. 966. Since the defendant cannot be held liable for the losses incurred by the lessees as a result of the burglary, there are no factual circumstances which could be proven at trial that would support a judgment against the defendant. The defendant, Park Dell Terrace, is, thus, entitled to a judgment as a matter of law and was properly granted the motion for a summary judgment by the trial court.
For the above reasons, the trial court judgment is affirmed. Costs are to be paid by plaintiffs-appellants, James and Brenda Hall.
AFFIRMED.

. LSA-C.C. art. 2703 provides:
"The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance.”

. LSA-C.C. art. 2695 provides:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."