544 So.2d 73 (1989)
Phyllis Q. Reilly, Wife of/and Robert M. REILLY
v.
FAIRWAY VIEW II ASSOCIATES LIMITED PARTNERSHIP and Scheuer-Fairway View, Ltd., Individually d/b/a, and the Fairway View Apartments, NPI Management Corporation and ABC Insurance Company.
No. CA 88 0646.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
On Rehearing June 23, 1989.
Viki A. Williams, New Orleans, for plaintiff-appellant.
R. Michael Caldwell, Baton Rouge, for defendants-appellees.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal of a judgment sustaining an exception of no cause of action.

*74 FACTS
On May 11, 1986, the apartment of Phyllis and Robert Reilly was broken into. The intruder bound Robert Reilly and covered him with a bedspread. The intruder then raped Phyllis Reilly, bound her and stole the Reilly's car and other movable effects. Robert and Phyllis Reilly filed suit against the owners, managers and their insurer, and the designers of the apartment complex alleging, inter alia, that the break-in was due to a defective sliding glass door. The owners, Fairway View II Associates Limited Partnership and Fairway View Apartments, and their managers, NPI Management Corporation filed an exception of no cause of action. The trial court sustained this exception.
The issue for review is whether the trial court was correct in sustaining the exception of no cause of action.
The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition. It is triable on the face of the petition and all well-pled facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Johnson v. Edmonston, 383 So. 2d 1277 (La.App. 1st Cir.1980).
The plaintiffs' petition, as amended, alleges that the defendants had knowledge of prior break-ins and burglaries at the apartments and failed to inform the plaintiffs, and that the sliding glass door through which the intruder gained entry would not lock. They further allege this defect existed when the landlord leased the apartment to the Reillys.
LIABILITY OF FAIRWAY VIEW II ASOCIATES LIMITED PARTNERSHIP AND FAIRWAY VIEW APARMENTS
La.C.C. art. 2703 states:
The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance.
La.C.C. art. 2703 absolves the lessor from liability for torts against the lessee committed by third persons claiming no right to the leased premises. Gant v. Flint-Goodrich Hospital of Dillard University, 359 So.2d 279 (La.App. 4th Cir. 1978). There is no duty to control the actions of a third person and thereby prevent him from causing harm to another unless some special relationship exists to give rise to such a duty. Smith v. Howard, 489 So.2d 1037 (La.App. 1st Cir. 1986).
The only case of liability imposed on a lessor for an intentional tort by a third person on the lessee has been where the lessor specifically contracted to provide security. Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3d Cir. 1983). A similar contractual undertaking has not been alleged in this case.
In Hall v. Park Dell Terrace Partnership, 452 So.2d 342 (La.App. 3d Cir.1984), the court held that a common wall between premises leased for jewelry store purposes and adjacent premises, constructed of sheetrock and alleged to be susceptible to break-in by burglars making it a "vice" under La.C.C. art. 2322, did not render the owner/lessor liable to lessees for damages arising out of the burglary due to the relief from liability afforded by La.C.C. art. 2703.
We find no reason to treat the owner differently here. In the present case, the appellants allege that the sliding door was defective at the time of rental and that this occurrence should bar the application of La.C.C. art. 2703. They cite Day v. Castilow, 407 So.2d 510 (La.App. 4th Cir.1981) and Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978) as support for their position. We find these cases to be factually distinguishable. Day dealt with an attack on a lessee that was facilitated by a vice (defective lock) on a portion of the premises not within the lease but within the lessor's control. La.C.C. art. 2703 did not apply in Day. Olsen did not deal with an intentional tort or a La.C.C. art. 2703 situation. It dealt with a non delegable duty to maintain a *75 building and direct injury caused by a failure to maintain. We do not find Olsen applicable here.
We find that La.C.C. art. 2703 is applicable to absolve the lessor/owner from liability for an intentional tort committed by a third person, not claiming ownership, on the lessee, notwithstanding that the attacker may have gained entry through an alleged defect in the leased premises.

LIABILITY OF NPI MANAGEMENT
NPI Management (NPI) manages the operation of the apartment complex as a business. They are alleged in the petition to be managers, not lessors of the premises. La.C.C. art. 2703 provides protection from liability only to "lessors".
The appellants' petition sets forth a cause of action against NPI under La.C.C. art. 2315.
The judgment of the trial court is affirmed as to Fairway View II Associates Limited Partnerships and Fairway View Apartments and reversed as to NPI Management. This case is remanded to the trial court for further proceedings in accord with this opinion. Costs of this appeal are assessed jointly between the appellants and the appellee, NPI Management.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
On Application For Rehearing.
Rehearing GRANTED AS TO NPI MANAGEMENT CORPORATION
It is brought to our attention on application for rehearing that NPI Management Corporation is alleged in the petition to be the "managing general partner" for the partnership which is the owner/lessor of the premises in dispute. There is no allegation that NPI is the manager of the apartment. Consequently, as alleged in the petition NPI is the lessor of the apartment and the subject to the application of La.C.C. art. 2703. Consequently, we maintain the exception of no right of action as to NPI. However, we remand for the trial court to allow a reasonable time for plaintiffs to amend their petition to state a cause of action if they are able to do so.
Costs of this appeal are assessed to appellants.
AFFIRMED AND REMANDED.