956 So.2d 746 (2007)
William JEFFERSON and Rena Jefferson, Plaintiffs-Appellants,
v.
Allen J. CROWELL, II, d/b/a Ace Automotive & Towing Service, Defendants-Appellees.
No. 42,177-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
Rehearing Denied June 14, 2007.
*747 Anthony J. Bruscato, Monroe, for Appellants.
E. Dustin Bickham, for Appellees.
Before GASKINS, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
Plaintiffs, William and Rena Jefferson, appeal the judgment from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, which denied damages for an alleged tortious conversion of a vehicle. For the following reasons, we affirm.

FACTS
Rena Jefferson purchased a 1977 Chevrolet pick-up truck for $1,800 from Alma's Auto Sales in March 2003. The paperwork Rena received indicated that prior to 2002 the truck was owned by Joseph Buggs of Bernice, Louisiana, and later it was titled to Stevie Barnett in 2002 by the state of Arkansas. Barnett had in turn sold the vehicle to an Arkansas car dealer who sold it to Alma's Auto Sales on January 21, 2003.
At the time of the sale to Rena, the truck had no permanent license plate but carried a temporary tag which expired on May 18, 2003. However, the Jeffersons failed to maintain the insurance or register the vehicle with the Louisiana Department of Motor Vehicles (the "DMV"). In May 2003, Rena and William left the truck at their son's house with instructions for their son to start it from time to time.
On November 6, 2003, their son was cited for driving the truck under a suspended license, with no insurance, improper signaling, and was ultimately arrested for resisting an officer. As a result of the son's arrest, the truck was towed and stored at Ace Automotive & Towing Service, Inc. ("Ace Automotive").
After receiving the vehicle, Ace Automotive's records indicate that it reported the storing of the vehicle to "Towing and Recovery Professionals of Louisiana" which in turn filed an Official Report of Stored *748 Vehicle with the DMV on November 7, 2003, supplying the year, make, model and vehicle identification number of the truck. The DMV reported to Ace Automotive that the last registered owner was Joseph Buggs in Bernice, Louisiana. On November 11, 2003, in accordance with the applicable statutes, Ace Automotive mailed Buggs a "Notice" advising him that it was storing the truck, that charges in the amount of $225.27 were due, and his entitlement to an administrative hearing. A "Final Notice" was mailed to Buggs on December 30, 2003, advising him that the charges now due totaled $805.94 and that he had 15 days to redeem the truck or risk having the vehicle offered for sale pursuant to La. R.S. 32:1719, et seq. When Ace Automotive received no response to the notices, Ace Automotive requested a permit to sell the vehicle from the DMV and forwarded a copy of the original report of stored vehicle, the first and final notice it sent to Buggs, proof of mailing and an appraisal.
On or about April 1, 2004, Rena discovered that the truck was being stored by Ace Automotive. When she went to Ace Automotive, the truck was being advertised for sale for $1,500. Rena informed Allen Crowell, owner of Ace Automotive, that the truck was hers. Crowell indicated that he would have to see documentation. Rena presented him with her documents; however, Crowell did not release the truck to her. On April 6, 2004, Ace Automotive requested another vehicle history on the truck from the DMV. In response, the DMV sent Ace Automotive copies of the documentation reflecting that the last owner of the vehicle who had registered the vehicle with the DMV was Buggs.
On April 23, 2004, the Jeffersons' attorney, Anthony Bruscato, sent a letter to Ace Automotive explaining the Jeffersons' claim to the vehicle. On April 30, 2004, Ace Automotive sent correspondence to Bruscato explaining its position and questioning the Jeffersons' failure to take any prior action with regard to the vehicle. The record also contains a copy of a registration issued by the DMV in June 2005 to Leah Neal of Pollock, Louisiana, the individual who had purchased the vehicle at issue from Ace Automotive in March 2005.
On June 23, 2005, William and Rena Jefferson filed suit against Allen J. Crowell, II, doing business as Ace Automotive & Towing Service, Inc., ("the defendants") seeking damages for its alleged wrongful conversion of their 1977 Chevrolet pickup.[1] On November 7, 2005, the defendants filed an exception of prescription, claiming that the Jeffersons' suit was filed more than one year after they knew or should have known of the defendants' alleged wrongful conversion of the property.
After considering the evidence, the trial court found that prescription did not apply to bar the plaintiffs' suit, but did find that the Jeffersons' failure to register the truck with the Louisiana DMV was the sole and proximate cause of their damages. Accordingly, on November 2, 2006, the trial court signed a judgment in favor of the defendants. This appeal ensued.

LAW AND DISCUSSION
The trial court did not provide reasons for its conclusion that the exception of prescription was not applicable to the case at hand. While the exception of prescription was not the basis of the trial court's dismissal, the exception is properly before *749 this court pursuant to La. C.C.P. art. 2163 and La. C.C.P. art. 928. Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3d Cir.1983); Allen v. Michell, 303 So.2d 214 (La.App. 4th Cir.1974). Because the viability of the plaintiffs' action hinges on the issue of prescription, we start our analysis by considering whether the trial court erred in finding that the exception was inapplicable.
The Jeffersons' action is grounded on Ace Automotive's alleged unlawful interference with the ownership or possession of a movable and is frequently termed an action for "conversion" in Louisiana. A conversion consists of an act in derogation of the plaintiffs' possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985).
A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. Dual Drilling Co. v. Mills Equipment Investments, Inc., XXXX-XXXX (La.12/01/98), 721 So.2d 853.
It is well settled in our law that conversion is a tort and governed by the one-year prescriptive period. La. C.C. art. 3492; Madden v. Madden, 353 So.2d 1079 (La.App. 2d Cir.1977). Thus, because plaintiffs' action is in tort, they are subject to the one-year prescriptive period pursuant to La. C.C. art. 3492. The prescriptive period commences on the date the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit. Percy v. State, Through E.A. Conway Memorial Hosp., 478 So.2d 570 (La.App. 2d Cir.1985).
The key to any claim of prescription is determining the date when tolling of the prescriptive period begins. Here, Rena testified that she went to visit her son at the correctional institution shortly after his arrest in November 2003 where he mentioned that "a wrecker was going to pick [the car] up." According to Rena's testimony, she went to Ace Automotive "a long time after" she had visited her son and located her car on the lot with a "for sale" sign on it. She further testified that when she presented Crowell with the documentation evidencing her ownership of the vehicle, he declined to release the vehicle to her. Notably, Rena did not testify that Ace Automotive, or anyone on its behalf, made any assurances that it would relinquish its right to possess the vehicle and offer it for sale. Furthermore, the letter from Ace Automotive to the Jeffersons' attorney does not indicate that Ace Automotive was recognizing the Jeffersons' claim to the truck.
Although we question the Jeffersons' lack of interest to determine the location of the car after their son's arrest in November 2003, prescription arguably did not begin to run until April 1, 2004, when the Jeffersons acquired constructive knowledge that Ace Automotive was in possession of the vehicle and intended to dispose of it by offering it for sale. However, it is certain that the Jeffersons had actual knowledge of the alleged conversion with the letter dated April 30, 2004, to the Jeffersons' attorney that explained Ace Automotive's position. Nonetheless, even if we were to apply the April 30, 2004 date, the lawsuit was not filed until June 23, *750 2005, well after the one-year prescriptive period had tolled.
Accordingly, we find that the Jeffersons' cause of action for damages arising out of Ace Automotive's alleged conversion of their truck had prescribed when the present suit was filed. Because we find the action by the plaintiffs against Crowell and Ace Automotive is prescribed, we pretermit discussion of the assignments of error raised by the Jeffersons in their appeal.

CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing the plaintiffs' suit for damages is hereby affirmed, although for different reasons. Costs of this appeal are assessed against the Jeffersons.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, PEATROSS, MOORE, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Plaintiffs' suit was brought against Allen J. Crowell "doing business as" Automotive & Towing Service, Inc.; however, Ace Automotive is a separate and distinct juridical entity. In addition, we note that Crowell died before trial. Accordingly, his estate was substituted as defendant and was represented at trial by counsel.