CLARENCE E. McMANUS, Judge.
|2On February 10, 2010, Quincy Condominiums of Metairie, Inc., (hereinafter “Quincy Condominiums”) filed a petition for recognition of a lien and for money damages. In the petition, it alleges that Philip Duhon is the owner of Unit 4, and that he has not paid condominium fees and assessments in violation of the Condominium Agreement. The petition further alleges that at the time of the filing of the petition, Mr. Duhon owed $10,703.00 in fees and late penalties, in addition to attorney fees, interest and costs. The petition also requested that a lien be placed on the property pursuant to LSA-R.S. 9:1123.115.
On March 16, 2010, Mr. Duhon filed a reconventional demand alleging that Quincy Condominiums unlawfully removed a structure and unlawfully destroyed a hot tub located in the limited common area dedicated to his condominium. Mr. Duhon also alleged that Quincy Condominium unlawfully removed a window air conditioning unit and that it negligently allowed removal of his tools. In addition, Mr. Du-hon alleges that he was unable to lease his unit because of Quincy Condominiums failure to trim the hedges around his condominium and failed to fix a water leak. Mr. Duhon alleges that he suffered damages of $76,800.00 as a result of Quincy Condominiums negligence.
Two days before the trial of this matter, Quincy Condominium filed an exception of prescription to the claims made by Mr. Duhon in his reconventional demand.
|sOn December 14, 2010, the trial court heard both the exception of prescription and trial on the merits. At its conclusion, the trial court found in favor of Quincy Condominiums on the main demand, awarding it $15,047.68 plus reasonable attorney fees of $7,500.00, with interest until paid and costs of the proceedings. The trial court also dismissed Mr. Duhon’s re-conventional demand at his cost. In its judgment, the trial court stated that Mr. Duhon’s reconventional demands were prescribed.
Mr. Duhon appeals from the decision of the trial court, alleging that the trial court erred in finding that his reconventional demands were prescribed. Mr. Duhon does not challenge the award made to Quincy Condominiums or the recognition of a lien against the property.
*517 At trial, Mr. Duhon testified that he was the owner of condominium Unit 4, having leased in 1982, and then purchased it in 1984. He knew at that time that he was subject to dues and certain regulations, as set forth in the Condominium Declaration Creating and Establishing Condominium Property Regime, the Quincy Condominium By-laws and the Articles of Incorporation. Mr. Duhon also admitted that he had not paid condominium dues for a period of almost three years, since January 1, 2007. He alleged however that he did not owe late fees, as he had an agreement with a prior president of the Condominium Association, Lisa Garcia, based on what he alleges was a violation between he and the defendant of a prior consent judgment. (See infra). Ms. Garcia testified that she owned a Condo Unit from 1998 until 2006, and that she did served as president of the Condominium Association. She testified that she never entered into an agreement with Mr. Duhon concerning his condominium fees, and that he never asked for such an agreement. She also stated that, as Condominium Association president, she did not have the authority to enter into such an agreement, without presentation to the ^Condominium Association Board. Frank Szita owns a condominium unit and was the -Condominium Association President at the time of trial. He testified that the last deposit for condominium fees made by Mr. Duhon was in December of 2006. He further testified that the Condominium Association By-laws provided for late fees and interest in the event of late payment, and further provided for attorney fees in the event of legal action.
Concerning the reconventional demand made by Mr. Duhon, the judgment on which is the subject of this appeal, the evidence at trial showed the following. Mr. Duhon testified that he built a deck in the limited common area[1] outside his condominium unit in 1985. At the time of its construction, he added a roof and a hot tub. In addition, he installed a stereo system and storage areas around the hot tub. He also placed lawn furniture and plants on the deck.
Ms. Garcia testified at trial that a prior lawsuit was brought by the Condominium Association against Mr. Duhon to require him to remove structures attached to his unit which were against the Condominium By-Laws. Introduced into evidence at trial was a Consent Judgment entered into between Quincy Condominiums and Mr. Duhon on July 16, 2002, which provided in part that Mr. Duhon was “obligated to remove all other improvements, including but not limited to, roofs, decks electrical wires, lattice work and shed, which were not original to the Condominiums, not later than July 5, 2002.” The judgment also provided that Mr. Duhon was “obligated to modify, at his expense, the wood decking in the Limited Common Element of Unit 4, to allow for inspection and treatment of termites.” Finally, the judgment provided that if Mr. Duhon did not complete the work within the time allowed, Quincy Condominiums would have the right to perform the work at Mr. Duhoris expense.
^During the current trial, Mr. Duhon testified that he performed the actions necessary, and that Quincy Condominiums exceeded the scope and removed our damaged his property. Mr. Duhon admitted that as a result of the prior suit, he removed all the free standing structures he had placed on the Common Area. He further admitted that he agreed to modify the deck to allow termite inspection if the deck areas were’ inaccessible, however he contends that the deck areas were not inaccessible so no modification was needed. *518 He further contended that there were no issues with termites in the deck.
Ms. Garcia testified that for two years after the consent judgment was finalized, Duhon failed to modify the deck to allow for the termite inspection. She tried to contact him through telephone and letters, but he failed to respond. Ultimately, the Condominium Association undertook the job and hired a contractor to remove the structure completely because it was attached to the building and it was infested with termites. From photographs introduced at trial, it appears that the hot tub was left in the limited common area of Mr. Duhon’s Unit.
Mr. Duhon also testified that when the deck was removed, many of his tools and deck components that were with the decking disappeared.
In addition to the removal of the deck, Mr. Duhon contends that the Condominium Association unlawfully removed a window air conditioning unit from his property. Mr. Szita testified that Mr. Duhon’s unit had an air conditioning window unit attached to a second floor window that was hanging over a common sidewalk, and had been there since 2006. Mr. Duhon testified that there had been a window air conditioning unit of some kind since 1984. The Condominium Association was concerned that it might fall and hurt someone. Mr. Szita sent a letter to Mr. Duhon on May 9, 2009 and again on June 9, 2009, requesting removal of the air conditioning unit, but received no response. In August of 2009, he 1 ^removed the air conditioner unit with hoists, and then placed it in the condo unit’s back yard. Szita stated that the unit was not plugged in at the time he removed it.
The last claim in Mr. Duhon reconven-tional demand was for lost rentals. Mr. Duhon testified he was unable to rent his unit at the time of trial because the internal A/C compressor was not working, and it would require $10,000 to repair it. He also contends that there is a leak which had not been fixed, and that the Condominium Association would not trim his hedges. He presented no evidence of any written estimates, requests to the Condominium Association for repairs, or attempts to rent the unit.
In his sole allegation of error, Mr. Duhon alleges that the trial court erred in granting the exception of prescription and in dismissing his reconven-tional demand. He contends that the consent judgment in the prior litigation was a contract between the parties and that Quincy Condominiums actions in removing the deck and its accessories, and in allowing the disappearance of his tools was a violation of that contractual agreement, subject to a ten-year prescriptive period. However, Mr. Duhon’s action is not one for breach of contract, but rather for conversion.
The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner’s rights. Any wrongful exercise or assumption of authority over another’s goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Louisiana civil law conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.
Funderburg v. Superior Energy Services, Inc., 10-517, *6, (La.App. 5 Cir. 12/29/11), 83 So.3d 1148.
*519 |7Here, Mr. Duhon alleges that Quincy Condominiums unlawfully removed and destroyed his property, and thus he states an action for the tort of conversion.
Because conversion is a tort, it is governed by the one-year prescriptive period. LSA-C.C. art. 3492; Jefferson v. Crowell, 42,177 (La.App. 2 Cir. 5/9/07), 956 So.2d 746.
The alleged conversion took place in 2004, and Mr. Duhon filed his reconven-tional demand in 2010, well over the one year prescriptive period for the filing of an action in tort. Accordingly the trial court did not err in finding that his causes of action for the removal of the deck and its accessories, and for the loss of his tools, had prescribed.
The trial court also denied recover for two additional claims for damages, the removal of the air conditioning unit in August of 2009 and the loss rentals for Mr. Duhon’s alleged inability to rent his condominium. To the extent that the trial court may have denied these claims on the basis that they were prescribed, we find that the court was in error. However, the evidence presented at the trial , on the merits of these issues finds no error in the denial of these claims.
Plaintiff has the burden of proving every essential element of his tort case, including cause-in-fact, by a preponderance of the evidence. Manuel v. Shell Oil Co., 94-590 (La.App. 5 Cir. 10/18/95), 664 So.2d 470, 475, writ denied, 96-0141 (La.3/8/96), 669 So.2d 397.
With regard to his claim for damage to the air conditioning unit, Mr. Duhon presented a picture of the unit sitting in the limited common area of his condominium unit and a printout of an air conditioner from the internet, indicating that the unit depicted in the picture retailed for —. Mr. Duhon stated that the unit was plugged in when it was removed, while Mr. Szita stated that it was not plugged in. Mr. Duhon offered no evidence, other than his self-serving testimony, |sthat the unit was working prior to its removal and was not working after its removal. Mr. Szita testified that he sent two letters to Mr. Duhon requesting removal of the unit which went unanswered. Furthermore, Mr. Szita testified that the unit was hanging over a sidewalk and created a hazard; Mr. Duhon offered no evidence to rebut this contention. We find that Mr. Duhon did not prove by a preponderance of the evidence that Mr. Szita, acting on behalf of Quincy Condominiums, unlawfully damaged or converted the air conditioning unit.
With regard to his claim for lost rentals, Mr. Duhon alleged that he was unable to rent his unit because the internal air conditioning compressor did not work, there was a leak and the hedges were untrimmed. Introduced into evidence were pictures of the hedges and a picture of a water leak on the exterior of a condominium unit. Mr. Duhon offered no evidence concerning the compressor, and he offered nothing to support his claims that he attempted to rent the unit. Again we find that Mr. Duhon has not proved this claim by a preponderance of the evidence.
For the above discussed reasons, the judgment of the trial court dismissing the reconventional demand of defendant, Philip Duhon, is affirmed. All costs are assessed against defendant, appellant, Philip Duhon.

AFFIRMED

WICKER, J., dissents and assigns reasons.

. The Limited Common Area refers to each Unit’s back yard.